IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: C. R. BARD, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:10-MD-02187<br>MDL NO. 2187<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |
| THIS DOCUMENT RELATES ONLY TO: MARYANN CROOKS v. C. R. BARD, INC., ET AL., CASE NO. 2:13-cv-29825 | |

**DEFENDANT'S MOTION TO DISMISS AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT**

Defendant Sofradim Production SAS ("Sofradim"), by and through the undersigned counsel, moves to dismiss Plaintiff's case, with prejudice, for repeated failures to comply with Court Orders, including the failure to timely provide Sofradim with the required pretrial discovery in violation of Pretrial Orders #27, #28 and #275 (hereinafter "PTO #27", "PTO #28" and "PTO #275").

**FACTS**

Plaintiff Maryann Crooks ("Plaintiff") filed this case in MDL No. 2187 on April 23, 2014. On May 31, 2017, the Court granted a Motion to Withdraw as Counsel and Plaintiff is now *pro se*. When sending Plaintiff a copy of this Order, Plaintiff's mail came back as undeliverable. Since this time, Plaintiff has not provided any up to date address, nor participated in her case in any way.

Plaintiff's case against Sofradim should be dismissed with prejudice because (1) Plaintiff has failed to timely provide Sofradim with a Plaintiff Fact Sheet, in direct violation of PTO #27,

1

PTO #28 and PTO #275; (2) Plaintiff violated the Court's scheduling deadlines in this case by missing the March 19, 2018 deadline (ECF Doc. 16); and (3) Plaintiff has failed to prosecute her case.

## ARGUMENT

I. **This Case Should Be Dismissed for Plaintiff's Repeated Failures to Comply With Court Orders, and thus Failure to Prosecute her Case.**

The Court has authority to dismiss this case with prejudice for failure to comply with PTO #27, PTO #28, and PTO #275 and failure to comply with scheduling orders. Pursuant to Fed. R. Civ. P. 16(f)(1)(C), "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order." "If a party . . . fails to obey an order to provide or permit discovery" the Court "may issue further just orders" including dismissal of an action. Fed. R. Civ. P. 37(b)(2)(A)(v). Further, a district court has inherent authority to dismiss a plaintiff's action for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); Fed. R. Civ.P. 41(b). Dismissal of a suit is a proper sanction for noncompliance during discovery. *See Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc.*, 872 F.2d 88, 92-93 (4th Cir. 1989); *see also Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640-42 (1976).

A trial court has broad discretion in applying sanctions under Rule 37. *See e.g.*, *Holdren v. Poncove, Inc.*, No. 5:07-cv-00488, 2008 WL 4950146, at *1 (S.D. W. Va. Nov. 18, 2008) (citing *W. Reserve Oil & Gas Co. v. Key Oil, Inc.*, 626 F. Supp. 948, 949 (S.D. W. Va. 1986)). This discretion is particularly necessary in multidistrict litigation. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006) (A "court needs to have broad discretion to administer the proceeding as a whole, which necessarily includes keeping the parts in line"); *see also*, *In re Guidant Corp. Implantable Defibrillators Prods. Liab.*

*Litig.*, 496 F.3d 863, 867 (8th Cir. 2007); *In re Asbestos Prods. Liab. Litig.*, 595 Fed. App'x 99 (3d Cir. 2014); *In re Neurontin Prods. Liab. Litig.*, No. 04-10981-PBS, 2011 WL 1326407, at *6 (D. Mass. April 5, 2011) (dismissing cases in an MDL for failure to provide basic discovery responses). MDL courts have broad authority "to dismiss[]…cases for failure to comply with its orders." *In re Guidant Corp. Implantable Defibrillators*, 496 F.3d at 867. Specifically, MDL courts dismiss cases when plaintiffs fail to provide the essential information called for in Plaintiff Fact Sheets. *See, e.g., id.*; *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2011 WL 5570637, at *1–4 (E.D. La. Nov. 16, 2011) (dismissing for failure to provide complete Plaintiff Fact Sheets). Further, the Fourth Circuit has precluded critical evidence for the plaintiff's case, resulting in dismissal of the suit, because plaintiff willfully disregarded pretrial orders. *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985).

This discretion allows district courts to safeguard the efficient handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a party's delay. *See In re Neurontin Prods. Liab. Litig.*, 2011 WL 1326407, at *6 (citing *Robson v. Hallenbeck*, 81 F.3d 1, 2 (1st Cir. 1996)); *see also In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d at 1235–37 ("Failing to produce documents as ordered is considered sufficient prejudice…The law also presumes prejudice from unreasonable delay.")

As this Court has recognized, it has the power to dismiss a plaintiff's cause of action when she fails to comply with the Court's orders. *See* Fed. R. Civ. P. 37(b)(2)(A) & 41(b). Notably, PTO #27 and PTO #28 specifically warned that Plaintiff may be subject to sanctions for failure to comply with her Plaintiff Fact Sheet requirements. Further, in PTO #275, the Court set mandatory deadlines and warned Plaintiff *again* of her Plaintiff Fact Sheet obligations. Thus, Plaintiff has had ample notice of the consequences of failure to comply with the Court's Orders.

3

Despite this, Plaintiff has never provided a Plaintiff Fact Sheet to Sofradim. And the Court has been very clear that it expects all parties in these MDLs to make best efforts to resolve cases remaining on the docket.  Instead of working to resolve the case, Plaintiff has failed to timely comply with PTO #27, PTO #28, PTO #275, and the Court's scheduling order.  Not only has Plaintiff failed to comply with these Orders, but also has failed to take any action in prosecuting her case against Sofradim.  This severely undermines the efforts of the Court to resolve cases remaining on the docket.  Accordingly, dismissal of this case, with prejudice, is appropriate.

## CONCLUSION

WHEREFORE, Sofradim respectfully requests that the Court enter an Order dismissing this case with prejudice.

Date: March 30, 2018

/s/ Micah L. Hobbs
Micah L. Hobbs
mhobbs@shb.com
Devin K. Ross
dkross@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Phone: 816.474.6550
Fax: 816.421.5547
*Counsel for Sofradim*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and a paper copy will be sent by certified mail via the U.S. Postal Service, postage prepaid, to:

Maryann Crooks
401 Oak Road
Harper, TX 78631

          By: */s/ Micah L Hobbs*_____
             Micah L. Hobbs
             *Counsel for Sofradim*

8670728 v1